# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SUSAN E. PATTISHALL,   *

Plaintiff   *

v   *   Civil Action No. RDB-18-2968

VINTON G. CERF,   *
ROBERT E. KAHN,
  *

Defendants

***

## MEMORANDUM OPINION

On September 26, 2018, the Court received a Complaint filed by Maryland resident Susan E. Pattishall. Pattishall invokes diversity jurisdiction and seeks money damages in excess of $3 million from two Virginia residents whom she alleges stole "a pack of papers consisting of a collection of writing authored by me, a 'philosopher's stone (magnus opus) theory of relativity, personal stories about experiences and family, and a college assignment on the elliptic orbit." ECF No. 1 at 9, Claim 1, ¶ 10; ECF No. 1 at 13-14, ¶ 42. The theft occurred in late September or early October 1980, and occurred in a pizza bar in Norfolk, Virginia.[1] *Id.,* ¶¶ 10-11. Pattishall claims the Defendants sold her unpublished manuscript to hostile foreign governments and others. *Id.,* pp. 7-8. Although the Defendants told her their names during their 1980 encounter, Pattishall did not remember their identities until she "saw their photos together on Wikipedia quite recently." *Id.,* p. 9, ¶ 11.

In addition to her Complaint, Pattishall has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which shall be granted. For the reasons that follow, the Complaint must be dismissed.

---

[1] Pattishall states she is clairaudient. Clairaudient individuals possess psychic hearing. *See* Oxford English Dictionary (last visited October 1, 2018).

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir.

2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The statutory basis for diversity jurisdiction is found at 28 U.S.C. § 1332. Under 28 U.S.C. §1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between:

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

It appears that the Complaint satisfies the requirements for diversity jurisdiction. Nonetheless, this Court is not the appropriate forum for adjudication of Pattishall's claims. The alleged theft occurred in Virginia, and both Defendants reside there. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have

been brought." 28 U.S.C. §1406(a).  Given the significant deficiencies in the Complaint,[2] the Complaint shall be dismissed without prejudice to refiling in a more appropriate forum.


___October 1, 2018_____         _____/s/_____
Date                                                            RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE

---

[2] Pattishall's claims, which include allegations of theft and copyright infringement, appear time-barred and fanciful at best. As this Court is not the appropriate forum to adjudicate these claims, the Court makes no finding as to whether the claims may be subject to dismissal elsewhere.